## W. L. LOCKE *vs.* A. B. POST and tr.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed May 11, 1899.

*Trustee Process.*—V. S. 1313 excepts from trustee process the proceeds of property which was exempt from attachment at the time of the sale and the exemption in the case of a homestead is in no way dependent upon the debtor's continuing to be a housekeeper, nor upon his intention to acquire another homestead, nor upon the intent with which he keeps the proceeds.

TRUSTEE PROCESS. Heard upon the report of the commissioner, at the September term, 1898, Orleans county, *Munson*, J., presiding. Trustee discharged with costs. The plaintiff excepted.

*John Young* and *W. W. Miles* for the plaintiff.

We are aware that V. S. 1313 provides that "no person except as herein otherwise provided shall be liable on trustee process on account of the sum due or owing to the principal debtor for property sold or conveyed or delivered to him which was at the time of the sale exempt from attachment and execution." But we submit that it is "otherwise provided" by V. S. 2179, which declares that "the homestead of a housekeeper or head of a family . . . used or kept by such housekeeper or head of a family as a homestead, shall . . . . be exempt from attachment and execution." The decisions of this court have settled the meaning of this section to be that the homestead should be protected only while used or kept for that purpose. The exemption of the homestead is a qualified exemption. Why should the proceeds be better protected than the thing itself?

*E. A. Cook* and *J. W. Redmond* for the trustee and claimant.

START, J. The defendant, on the 21st day of March, 1895, was the owner of a homestead, and on that day sold and conveyed the same to the trustee and took in payment therefor the notes sought to be charged by the trustee process. On the 25th day of March, 1895, he broke up housekeeping and has not since been a housekeeper. The plaintiff insists, that, inasmuch as the defendant has not been a housekeeper or head of a family since he parted with his homestead, and inasmuch as it does not appear that he has kept the proceeds of the homestead to use in buying another, the same are subject to attachment by trustee process.

It was not necessary for the defendant to continue a housekeeper after he had sold his homestead, in order to exempt the notes from attachment by trustee process; nor was it necessary that he should keep the notes with an intention of using them in buying another homestead; nor was it necessary that he should have had such intention at

the time the trustee process was served. The statute does not require the proceeds to be kept, under the same conditions that an unoccupied homestead is kept, in order to exempt them from trustee process. The statute provides that no person, except as therein otherwise provided, shall be liable on trustee process, on account of a sum due or owing to the principal debtor for property sold or conveyed or delivered to him, which was at the time of sale exempt from attachment and execution. V. S. 1313.

The homestead was exempt from attachment and levy upon execution, and the only provision of the statute which relates to the attachment of the proceeds of the homestead, that has any application to this case, is § 1313. By this section, the exemption is in no way dependent upon the debtor's continuing to be a housekeeper, nor upon his intention to acquire another homestead, nor upon the intent with which he keeps the proceeds. The liability of the trustee is made to depend upon whether the property was, at the time of sale, exempt from attachment and levy upon execution. The sum due and owing from the trustee to the principal defendant being for property sold which was, at the time of the sale, exempt from attachment and levy upon execution, the trustee is not chargeable.

*Judgment affirmed.*